IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>ALEJANDRO CARRASCO [1],<br><br>**Defendant.** | **Criminal No.** 14-423 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, Senior District Judge.

Defendant Alejandro Carrasco ("Carrasco") moves the Court to reconsider its denial of his request to reduce his sentence pursuant to Amendment 821. (Docket No. 492.) He asks the Court to reconsider his request because of his age, medical conditions, and exemplary record while incarcerated. Id. For the following reasons, his motion for reconsideration is **DENIED**.

**I.   BACKGROUND**

Carrasco, a former attorney, used to work as a legal advisor to several municipal governments in Puerto Rico. (Docket No. 444 at p. 6.) In his role, he had influence over municipal decisions choosing contractors for public works projects. Id. Between 2006 and 2012, he solicited bribes from an engineer, Juan Carlos Mercado, in exchange for helping Mercado win contracts from the municipalities. Id. at pp. 7-14. He collected just under $200,000

Criminal No. 14-423 [1] (FAB)                                              2

in bribes prior to his arrest in July 2014.  Id. at pp. 2, 18.

In December 2019, after a five-day jury trial, Carrasco was found guilty on four counts of bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(1)(B) and (b).  (Docket Nos. 362, 375-78; Docket No. 385.)  On April 27, 2021, he was sentenced to 120 months' imprisonment.  (Docket No. 450 at p. 2.)  Although his guideline sentencing range was 121-151 months, he received a 120-month sentence, the statutory maximum for convictions under 18 U.S.C. § 666(a).

On February 3, 2025, Carrasco filed a motion to reduce his sentence pursuant to Amendment 821.  (Docket No. 482.)  He is a zero-point offender without any disqualifying factors, and as such, Amendment 821 lowers his offense level by two points, from 32 to 30, which lowers his guideline sentence range from 121-151 months to 97-121 months.  Id.  Because his new guideline range extends below his current sentence, he is eligible for a sentence reduction.

The Court's first ruling on Carrasco's request acknowledged that he was eligible for a sentence reduction, but the Court exercised its discretion to deny his request.  See Docket No. 488; 18 U.S.C. § 3582(c)(2) (when a defendant is eligible for a sentence reduction due to a retroactive guideline amendment, the court "may reduce the term of imprisonment, after considering the factors set

Criminal No. 14-423 [1] (FAB)                                                 3

forth in [18 U.S.C.] section 3553(a)"); United States v. Aponte-Guzmán, 696 F.3d 157, 160 (1st Cir. 2012) ("By using the precatory term 'may,' rather than the directory term 'shall,' Congress indicated its intent to make section 3582(c)(2) sentence reductions discretionary, not a matter of right."). The Court made this decision because "the unique facts and circumstances of this case justify the 120-month sentence imposed, which was the statutory maximum sentence." Id. The Court noted that Carrasco's "corrupt conduct was long-lasting, and, as an attorney, [he] received hundreds of thousands of dollars while being a legal advisor with contracts worth millions of dollars from municipalities in Puerto Rico, corrupting the municipal contracting process, a process, which as the municipalities' legal advisor, he was bound to insure its transparency." Id.

Carrasco petitions the Court to reconsider its denial. (Docket No. 492.) He argues that his age, medical conditions, and exemplary conduct while incarcerated support a twelve-month reduction in his sentence. Id. The government opposes his request for reconsideration, arguing that Carrasco fails to present new evidence or arguments that could not have been presented in his original motion. (Docket No. 496.) The government also argues that Carrasco's requested relief is unwarranted even if his new evidence and arguments are considered. Id. at pp. 4-8. Carrasco

replied to the government.  (Docket No. 500.)  The probation office also submitted a brief, arguing that Carrasco's request for reconsideration should not be granted.  (Docket No. 497.)

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure do not explicitly provide for motions for reconsideration.  See United States v. Ortiz, 741 F.3d 288, 292 n. 2 (1st Cir. 2014) (citation omitted). The First Circuit Court of Appeals applies Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), however, to motions for reconsideration arising in the criminal context.  See, e.g., United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009) (applying Rule 59(e) to a motion for reconsideration in a criminal case).

Pursuant to Rule 59(e), a district court will alter its original order only "if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error of law or was clearly unjust."  Id.  A motion for reconsideration does "not provide a vehicle for a party to undo its own procedural failures [or] allow a party [to] advance arguments that could and should have been presented to the district court prior to judgment."  Iverson v. City of Boston, 452 F.3d 94, 104 (1st Cir. 2006) (citation omitted).  "Rule 59(e) does not exist to allow parties a second chance to prevail on the merits . . .

[and] is not an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." Johnson & Johnson Int'l v. P.R. Hosp. Supply, Inc., 322 F.R.D. 439, 441 (D.P.R. 2017) (Besosa, J.) (citations omitted). In deciding a motion for reconsideration, the reviewing court has considerable discretion. Venegas-Hernández v. Sonolux Recs., 370 F.3d 183, 190 (1st Cir. 2004). "As a general rule, motions for reconsideration should only be exceptionally granted." Villanueva-Méndez v. Nieves-Vázquez, 360 F. Supp. 2d 320, 323 (D.P.R. 2005) (Domínguez, J.)

**III. DISCUSSION**

Carrasco presents two arguments supporting his request for reconsideration. First, he argues that a reduction is warranted because of his age and deteriorating medical conditions. Second, he argues that a reduction is warranted because of his exemplary conduct while incarcerated. The Court is not convinced by either argument.

First, Carrasco's argument that his age and medical conditions justify a sentence reduction does not persuade the Court. Carrasco's glaucoma, high blood pressure, and asthma were known when he was originally sentenced. See Docket No. 444 at p. 26. The BOP medical report attached to his motion for reconsideration is dated December 27, 2024 – well before he filed

Criminal No. 14-423 [1] (FAB)                                                    6

his original 821 motion.  <u>See</u> Docket No. 492-1 at p. 5.  This argument could have been presented earlier, and Carrasco has not provided an explanation for his failure to do so.

In any case, Carrasco's age and medical conditions do not alter the Court's assessment of the section 3553(a) factors or counsel for a reduction in his 120-month sentence.  The medical progress report indicates that "[h]e has been reviewed with the following needs areas: Medical" and identifies him as "medical care level 2."  (Docket No. 492-1 at p. 2.)  The BOP describes care level 2 inmates as "stable outpatients who require clinician evaluations monthly to every 6 months" and whose conditions "can be managed through routine, regularly scheduled appointments with clinicians for monitoring."  Fed. Bureau of Prisons, <u>Clinical Guidance: Care Level Classification for Medical and Mental Health Conditions or Disabilities</u> 2 (2019), https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf.  The medical report provides no additional information about the severity of any of his conditions.  <u>See</u> Docket No. 492-1 at p. 5.  Therefore, there is little if any indication that his age (68 years old, <u>see</u> Docket No. 444 at p. 2) or the conditions of his incarceration are creating severe or deteriorating medical conditions which would justify a reduction in his sentence.

As for his argument that his exemplary conduct while

Criminal No. 14-423 [1] (FAB)                                                                 7

incarcerated justifies his requested sentence reduction, this argument was raised in his original motion, albeit in a rather cursory fashion. <u>See</u> Docket No. 482 at pp. 4-5 (arguing that a reduced sentence would be appropriate under section 3553(a) because of his "minimal risk of recidivism," "lack of criminal history, [and] his behavior while incarcerated.")  "[M]otions for reconsideration do not permit a party to advance arguments it should have developed prior to judgment." <u>United States v. Rivera-Rodríguez</u>, 75 F.4th 1, 24 (1st Cir. 2023) (internal quotation marks and citation omitted).  Nor is reconsideration "an avenue for litigants to reassert arguments and theories that were previously rejected by the Court." <u>Johnson & Johnson Int'l</u>, 322 F.R.D. at 441.  Regardless, the new evidence he presents does not sway the Court's assessment of the 3553(a) factors and its decision that the 120-month sentence is appropriate.  The BOP's latest evaluation describing Carrasco as "the ideal inmate," noting that he "has never once been late or complained about work," "has performed every job assigned to him at a high level while also assisting other inmates," "he is polite and professional in his daily interaction with staff," and "has very high standards and is the definition of a professional" reflects well on his character and rehabilitation. (Docket No. 492-1 at p. 2.)  This description is not, however, sufficient to outweigh the rest of his circumstances

which caused the Court to conclude that the 120-month sentence was appropriate.  See infra p. 3; 18 U.S.C. § 3553(a)(2)(A) (noting that the sentence imposed must "reflect the seriousness of the offense, [] promote respect for the law, and [] provide just punishment for the offense.").

Accordingly, the Court is not persuaded by Carrasco's arguments in his motion for reconsideration, and finds that the original sentence of 120 months remains the most appropriate.

**IV. CONCLUSION**

For the reasons set forth above, Carrasco's motion for reconsideration is **DENIED**.  (Docket No. 492.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 17, 2025.

<u>s/ Francisco A. Besosa</u>
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE